# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**CLEO BERGERON,**

    **Plaintiff,**

**VS.**                                                     **Case No. 4:16mc15-RH/CAS**

**POLLACK & ROSEN,**
**MARK E. POLLACK,**
**and JOSEPH F. ROSEN,**

    **Defendants.**
_____/

## ORDER, REPORT AND RECOMMENDATION

On April 20, 2016, this case was initiated by Plaintiff, proceeding pro se, upon the filing of a Motion to Proceed In Forma Pauperis, ECF No. 2, and a document which was titled "Writ of Execution," and which was construed by the Clerk of Court as a Petition for Writ of Execution.  ECF No. 1.   This case was, thus, opened as a "miscellaneous" case, which would be appropriate if this case were seeking to execute on a money judgment pursuant to Federal Rule of Civil Procedure 69.  It does not appear that is the case, however.

First, Plaintiff's in forma pauperis motion has been reviewed.  Good

cause having been shown, the motion, ECF No. 2, is granted.  The Clerk of

Court shall not require payment of the filing fee for this case.

Second, it appears from the supporting exhibits that on November 1,

2016, a final judgment was entered against Plaintiff in case number 06-

133-SC, in the County Court in and for Wakulla County, Florida.  Ex. C.[1]

Following that state court judgment, a Writ of Garnishment was executed

against Plaintiff by Unifund CCR Partners, G.P.  Counsel for Plaintiff in that

state court case are the named Defendants in this federal case.  It also

appears that Plaintiff seeks to bring a federal lawsuit against Defendants in

this case for unlawful collection practices.  ECF No. 1.  Plaintiff contends

that funds have been wrongfully withdrawn from her bank account pursuant

to the state issued Writ of Garnishment without due process.  *Id.* at 3.

Plaintiff asserts that the social security number and address are incorrect,

demonstrating that Unifund CCR Partners, counseled by Defendants here,

sued the wrong party.  *Id.* at 3-4.  Plaintiff, therefore, is asserting a violation

of the Fair Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3001, *et*

---

[1] Plaintiff submitted a large stack of documents as exhibits to the petition.  Those
have not been scanned into the electronic record as most would run afoul of Federal
Rule of Civil Procedure 5.2's privacy protection.

*seq.*, not a Writ of Execution.  Thus, because this case was not properly

opened, it should be dismissed as a miscellaneous case but immediately

re-opened as a civil case.  All exhibits submitted in the case should be re-

turned to Plaintiff upon the adoption of this Report and Recommendation.

Should Plaintiff desire to submit any of the relevant exhibits in the newly

opened civil case, Plaintiff should be required to comply with Rule 5.2 and

redact the private financial and personal information.[2]

Accordingly, it is **ORDERED** that Plaintiff's Motion for In Forma

Pauperis status, ECF No. 2, be **GRANTED**.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that this

miscellaneous case which was opened on Plaintiff's Petition for Writ of

Execution, ECF No. 1, be **DISMISSED** and a civil case be opened for

Plaintiff based on her claims arising under the Fair Debt Collection

---

[2] Rule 5.2 directs that in any electronic or paper filing, if a document "contains an individual's social-security number, taxpayer-identification number," birth date, or a financial-account number, the document "may include only: (1) the last four digits of the social-security number and taxpayer-identification number; (2) the year of the individual's birth; (3) the minor's initials; and (4) the last four digits of the financial-account number."  FED. R. CIV. P. 5.2(a).  Plaintiff is advised that by filing these personal identifiers, she "waives the protection of Rule 5.2(a) as to" her "own information by filing it without redaction and not under seal."  FED. R. CIV. P. 5.2(h).

Procedures Act ("FDCPA"), 28 U.S.C. § 3001, *et seq.*, as stated within her petition, ECF No. 1.  It is further **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk of Court to return all exhibits submitted with the petition to Plaintiff.

**IN CHAMBERS** at Tallahassee, Florida, on April 28, 2016.


 s/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.